By the Court :
We think the proof shows a substantial compliance on the-part of the plaintiff with the agreement. It is contended that he could not perform his duties as foreman of the glass-works, from the time they were destroyed by fire until they were rebuilt ; but we think that this proposition is not applicable to the facts of the case. The contract was made and executed about two months after the fire, and the defendant having-signed it with knowledge of that fact, he is now estopped from denying that the plaintiff is entitled to the full benefit., of its provisions. It is clear to 11s that, by executing the agreement at that time, the defendant recognized the services, rendered by the plaintiff as having been rendered in performance of its conditions. It was reduced to writing after the-destruction of the works, and while the plaintiff was superintending their reconstruction. By the terms of the contract, plaintiff is to take charge of the works, and by the proof he was then engaged, with the knowledge and approbation of the defendant, in the work of superintending them. We think there is no substantial variance between the proof and the allegation. The instruction asked for was properly refused, and the judgment must be affirmed.